**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALVIN ROUSE, AKA Abdur Rashid Khalif, | No. 12-35911 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-05092-TOR |
| v. | MEMORANDUM[*] |
| BERNIE WARNER; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Washington state prisoner Calvin Rouse, aka Abdur Rashid Khalif, appeals

pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging

that defendants violated his First Amendment and due process rights.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Khalif's access-to-courts claim because Khalif failed to allege sufficient facts showing any actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (access-to-courts claim requires plaintiff to show that defendants' conduct caused actual injury to a non-frivolous legal claim).

The district court properly dismissed Khalif's retaliation claim because Khalif failed to allege facts showing that defendants acted with retaliatory intent, that their actions did not advance a legitimate correctional purpose, and that their actions chilled his First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a § 1983 retaliation claim in the prison context).

The district court properly dismissed Khalif's due process claim because Khalif failed to allege facts implicating a protected liberty or property interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (protected liberty or property interest arises under due process clause only when a restraint imposes an "atypical

and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The district court properly dismissed Khalif's claims against the supervisory defendants because Khalif failed to allege facts demonstrating their personal involvement in the alleged violations or a causal connection between their conduct and the alleged violations. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (setting forth requirements for supervisory liability).

The district court did not abuse its discretion by denying Khalif's motion for reconsideration because Khalif failed to establish grounds warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or., v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors for reconsideration under Fed. R. Civ. P. 59(e)).

Khalif's contention that the district court failed to construe his pro se complaint liberally is unsupported by the record. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

**AFFIRMED.**